UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KATHERINE P. COSTANZA | CIVIL ACTION NO.:

VERSUS

JEFFERSON PARISH, JEFFERSON PARISH PERSONNEL DEPARTMENT, JEFFERSON PARISH DEPARTMENT OF ENVIRONMENTAL AFFAIRS, JEFFERSON PARISH DEPARTMENT OF PUBLIC WORKS, JOHN DUMAS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, MARGARET WINTER, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, KAZEM ALIKHANI, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND LAUREN CALL, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES | SECTION:

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff Katherine P. Costanza who hereby brings this action pursuant to 42 U.S.C. § 1983 and supplemental state law pursuant to 28 U.S.C. § 1967, and hereby alleges as follows:

**A. The Parties**

1. Plaintiff Katherine P. Costanza is a person of full age of majority who resides Jefferson Parish. Ms. Costanza is employed by Jefferson Parish and/or Jefferson Parish Department of Public Works. Ms. Costanza was previously employed by Jefferson Parish and/or Jefferson Parish Department of Environmental Affairs.

2. The following individuals and entities are hereby named as defendants:

   a. Jefferson Parish, a government organization and political subdivision of the State of Louisiana;

b. Jefferson Parish Personnel Department, a department within Jefferson Parish government;

c. The Jefferson Parish Department of Environmental Affairs, a department within Jefferson Parish government and an appointing authority;

d. The Jefferson Parish Department of Public Works, a department within Jefferson Parish government and the appointing authority;

e. John Dumas, a person of full age of a majority employed as Personnel Director for the Jefferson Parish Personnel Department and/or by Jefferson Parish. Suit is brought against Mr. Dumas in his individual and official capacities;

f. Margaret Winter, a person of full age of a majority employed as Assistant Director of the Jefferson Parish Department of Environmental Affairs (formerly Director of the Jefferson Parish Department of Environmental Affairs) and/or Jefferson Parish. Suit is brought against Ms. Winter in her individual and official capacities;

g. Kazem Alikhani, a person of full age of a majority formerly employed as Director of Jefferson Parish Public Works and/or Jefferson Parish who resides in Jefferson Parish. Suit is brought against Mr. Alikhani in his individual and official capacities when formerly employed by Jefferson Parish Public Works and/or Jefferson Parish; and

h. Lauren Call, a person of full age of a majority employed as Assistant Director for Jefferson Parish Personnel Department and/or Jefferson

Parish. Suit is brought against Ms. Winter in her individual and official capacities.

**B. Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. All defendants named herein are subject to personal jurisdiction in the Eastern District of Louisiana because they reside or are employed in Jefferson Parish and the defendants' conduct complained of herein occurred in this federal district.

3. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391 because the conduct complained of herein occurred in the Eastern District of Louisiana. Further, Jefferson Parish is a governmental entity located in this district. Finally, the actions of defendants occurred in this district.

**C. Nature of the Case and Factual Background**

Katherine Costanza has been employed by Jefferson Parish as a civil servant for a total of 24 years. On July 31, 2006, Ms. Costanza was promoted from her position as Environmental Quality Supervisor, Environmental Affairs to Assistant Director, Environmental Affairs on a permanent basis. The promotion to the Assistant Director position was neither "transient," "temporary," nor could not be construed or characterized in any way other than permanent. Ms. Costanza served Jefferson Parish in her capacity in this position with distinction until the end of 2015.

On December 26, 2015, Ms. Costanza was demoted from her position as Assistant Director to Administrative Management Specialist IV, Division of Public Works Administration, without cause and/or for reasons other than cause. This occurred when Margaret Winter was

permitted to return to her civil service position as Assistant Director of the Jefferson Parish Department of Environmental Affairs after previously taking a leave of absence from her position as Assistant Director to an unclassified position as Director of Environmental Affairs. Ms. Winter took this leave of absence nearly 25 years earlier apparently under the guise of a so-called Special Leave of Absence Without Pay from her civil service position. However, due to a recent change in the Jefferson Parish administration, Ms. Winter no longer retained her position as Director. Consequently, Ms. Winter was permitted to return to her position as Assistant Director thus ousting Ms. Costanza from her position as Assistant Director, causing Ms. Costanza to be demoted, without cause, to Administrative Management Specialist IV in the Jefferson Parish Department of Public Works.

Because of this employment action, Ms. Costanza suffered a devastating decrease in pay. Her pay grade plummeted from 40 to 28, resulting in an immediate decrease in pay from $91,717.00 annually to $76,840,00 annually (a $14,877.00 reduction). As of January 1, 2016, Ms. Costanza's salary as Assistant Director, with a standard 5% cost of living adjustment, would have been $96,302.85. Her new salary as Administrative Management Specialist IV, with the 5% COLA adjustment, is $80,682.00 annually (a $15,620.85 reduction). Additionally, Ms. Costanza's present salary as an Administrative Management Specialist is "capped out" at this rate of pay, whereas the Assistant Director position would have capped out at approximately $120,000 annually.

Consequently, Ms. Costanza, who plans on retiring from Jefferson Parish government in approximately 10 years, will suffer an enormous loss of future earnings which will have a corresponding, devastating effect on her retirement pension and benefits. The negative employment action against her will also will cause harm to her reputation and integrity. The

stigma associated with Ms. Costanza's change in title, duties, diminished authority, and severe reduction in pay will limit future employment opportunities because it creates a negative, false impression about her employment record.

## D. Causes of Action

### 1. 42 U.S.C. § 1983 – Deprivation of a Vested Property Right

#### a. Substantive Due Process

Under the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Louisiana Constitution and Louisiana law, Ms. Costanza had, and has, a constitutionally protected right to due process. This includes her constitutionally protected property interest in her civil service position as Assistant Director of Jefferson Parish Department of Environmental Affairs which could not be denied, removed, or taken away without cause. There was absolutely no cause for this demotion from this position. The sole reason for the demotion was to put Margaret Winter back in her former position as Assistant Director after taking a so-called leave of absence for approximately 25 years until she was no longer needed as the Director (an unclassified position) of that department. Upon information and belief, defendants John Dumas, Margaret Winter, Kazem Alikhani, and Lauren Call communicated with one another about the decision to demote Ms. Costanza and had personal involvement in the decision to demote her. At all times, as employees of either Jefferson Parish, and/or the Jefferson Parish Personnel Department, and/or the Jefferson Parish Department of Public Works, and/or the Jefferson Parish Department of Environmental Affairs, defendants, in their individual or official capacities, acted under color of state law in participating and/or in taking this adverse employment action against Ms. Costanza. This adverse employment action, without cause, was arbitrary and capricious and resulted in a clear denial of Ms. Costanza's constitutionally guaranteed and vested property right

to her employment. Consequently, Ms. Costanza has suffered damages and will continue to do so.

**b. Equal Protection**

The defendants further denied Katherine Costanza her constitutionally guaranteed right to equal protection under the law. Upon information and belief, adverse employment action of a similar nature had been made against Ms. Costanza's co-workers. These co-workers include Quiana Brown and Rene Pool. However, although these workers were bumped from their positions in Jefferson Parish government due to another employee returning to a classified position in the civil service, none incurred a loss in pay. Thus, the Special Leave of Absence provision in the Jefferson Parish Personnel Rules was not applied uniformly, and Ms. Costanza is the only employee who suffered a large pay cut as result of application of that rule. As such, the actions of the defendants, acting under color of state law, and either in their individual or official capacities, deprived Ms. Costanza of equal protection of law, and Ms. Costanza was damaged because of these actions.

**c. Procedural Due Process**

Katherine Costanza was not given adequate notice and an opportunity to be heard in advance of the effective date of its pre-demotion adverse employment action against her, which was December 26, 2016. Further, the defendants failed to provide written notice of the reasons for its adverse employment actions against Ms. Costanza, and it also failed to cite, in writing, any legal authorities in support of its decision. Instead, the defendants, either in their individual or official capacities, and acting under color of state law, took unilateral action in permitting Ms. Winter to return to the position she left approximately 25 years earlier after opting to take an unclassified position as the Director of Environmental Affairs, and replaced Ms. Costanza with a

corresponding demotion, change in title, and loss of future pay. This violated Ms. Costanza constitutionally protected right to procedural due process because Ms. Costanza was not afforded adequate notice and a hearing of the in advance of the initial pre-demotion adverse employment action against her to protect her legally protected and vested property interest in her employment.[1]

**2. 42 U.S.C. § 1983 – Request for Declaratory Relief**

To the extent that the defendants relied on Section 6.1 of the Jefferson Parish Personnel Rules of the Classified Service in permitting Ms. Winter to return to her civil service position as Assistant Director of Environmental Affairs based on a Special Leave of Absence Without Pay thereby ousting and/or demoting Ms. Costanza from that position, that provision is unconstitutionally void for vagueness and overbreadth. Section 6.1 provides:

> Section 6. SPECIAL LEAVE OF ABSENCE WITHOUT PAY
>
> 6.1 An appointing authority may grant a regular employee special leave of absence without pay for the purpose of enabling the employee to accept an unclassified position in the Parish service, except an elective office. The leave without pay herein authorized shall end automatically whenever the employee resigns from his unclassified position or his employment therein is otherwise terminated.

This provision authorizes a regular employee leave of absence necessary to accept an unclassified position in the Parish service. However, noticeably absent from this provision is any indication of the length or duration of the leave of absence. This provision further fails to state that the employee who took the leave of absence may return to his or her former classified position and oust another civil service employee with a vested property interest who previously was hired for that position on a permanent basis. Section 6.1 is therefore constitutionally void

[1] Ms. Costanza submits that she filed a post-demotion appeal of the adverse employment action, and an evidentiary hearing on her appeal is set for January 30, 2016.

due to vagueness and overbreadth for failing to provide an employee like Ms. Costanza with adequate and reasonable notice that she could ultimately be replaced by an employee who previously held the position and took an unpaid leave of absence at any time in the future, even 25 years later. Accordingly, Ms. Costanza submits that this provision of the rules if unconstitutionally void for vagueness and/or overbreadth and must be stricken.

**3. 42 U.S.C. § 1983 – Request for Injunctive Relief**

Based on the foregoing causes of action, as well as the facts set forth herein, Katherine Costanza further seeks injunctive relief. Due to the adverse employment action, which violated Ms. Costanza's right to substantive due process, equal protection, and procedural due process by the defendants, Ms. Costanza seeks injunctive relief in the form of reinstatement with full back pay and benefits of which she was deprived. Ms. Costanza asserts that the conduct complained herein has and will cause her irreparable monetary harm and damage to her reputation and employment record.

**4. Supplemental State Cause of Action – Wrongful Demotion**

Katherine Costanza incorporates the facts set forth in the previous paragraphs of this Complaint. Ms. Costanza brings an action against Jefferson Parish and/or the Jefferson Parish Personnel Board and/or the Jefferson Parish Department of Environmental Affairs for wrongful demotion pursuant to LSA-C.C. art. 2315. In support thereof, Ms. Costanza asserts that the individual defendants, acting in either their individual or official capacities as employees of Jefferson Parish and/or the Jefferson Parish Personnel Board and/or the Jefferson Parish Department of Environmental Affairs, and/or the Jefferson Parish Department of Works demoted Ms. Costanza from her position as Assistant Director of Environmental Affairs without cause, and this decision was arbitrary and capricious. By virtue of *respondeat superior*, either Jefferson

Parish and/or the Jefferson Parish Personnel Board and/or the Jefferson Parish Department of Environmental Affairs and/or Jefferson Parish Department of Works are legally responsible, and may be held liable, for the actions of their employees. As a consequence of this demotion, Ms. Costanza has suffered loss of earnings, and will continue to suffer an enormous loss of future earnings which will have a corresponding, devastating effect on her retirement pension and benefits. The negative employment action against her has and will cause harm to her reputation and integrity.

WHEREFORE, Katherine Costanza prays that after due proceedings are conducted by this Court, including a jury trial, that she be awarded monetary damages, declaratory relief, and injunctive relief, and any other relief to which Ms. Costanza may be entitled, all as set forth herein.

Respectfully Submitted:

/s/ *Stephen H. Shapiro*

Stephen H. Shapiro (#21076)
Attorney at Law
A Limited Liability Company
700 Camp Street
New Orleans, LA 70130
Phone: (504) 309-8442
E-mail:
steve@shapirolaw-nola.com

**Counsel for Katherine P. Costanza**

**Complaint Will Be Served by A Request for Waiver**