UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHERINE P. COSTANZA                          CIVIL ACTION

VERSUS                                          NO. 16-17670

JEFFERSON PARISH, ET AL.                        SECTION "R" (2)


**ORDER AND REASONS**

Before the Court are defendants' motions to dismiss plaintiff's claims in part,[1] and defendants' motion to stay.[2] For the following reasons, the Court grants defendants' motions to dismiss and denies defendants' motion to stay.

**I.   BACKGROUND**

Plaintiff Katherine Costanza has been employed as a civil servant by Jefferson Parish, Louisiana, for over 24 years.[3] According to her complaint, she was promoted from her position as Environmental Quality Supervisor to Assistant Director for Environmental Affairs on July 31, 2006.[4] On December 26, 2015, Costanza was demoted from her position as Assistant

---

[1]   R. Docs. 23 and 25.
[2]   R. Doc. 26.
[3]   R. Doc. 1 at 3.
[4]   *Id.*

Director to Administrative Management Specialist with the Division of Public Works Administration.[5] Plaintiff alleges that she was demoted to allow Margaret Winter to return to the position of Assistant Director.[6] Plaintiff further alleges that Winter was the Assistant Director 25 years ago, but she took a leave of absence to become the Director of Environmental Affairs.[7] When a recent change in the Jefferson Parish Administration resulted in Winter's losing her position as Director, she was allowed to return to the Assistant Director position, ousting Costanza.[8] According to Costanza, Winter made the decision to demote Costanza with Jefferson Parish employees John Dumas, Kazem Alikhani, and Lauren Call.[9]

Costanza alleges that a "devastating" decrease in pay accompanied her demotion, as her pay grade was reduced from 40 to 28, resulting in a decrease in salary of approximately $15,000 annually.[10] Her new salary is also capped at a number significantly lower than the cap for the Assistant

---

[5] *Id.*
[6] *Id.* at 4.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 5.
[10] *Id.* at 4.

Director position.[11]  Plaintiff further alleges that this annual reduction will lead to a corresponding reduction in her pension and benefits.[12]

On January 25, 2016, plaintiff filed an administrative appeal of her demotion with the Jefferson Parish Personnel Board.[13]  While that challenge was pending, on December 21, 2016, plaintiff filed this action against Jefferson Parish, the Jefferson Parish Personnel Department, the Jefferson Parish Department of Environmental Affairs, the Jefferson Parish Department of Public Works, Dumas (in his individual and official capacities), Winter (in her individual and official capacities), Alikhani (in his individual and official capacities), and Call (in her individual and official capacities).[14]  Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that her demotion violates her substantive and procedural due process rights, as well as her rights under the Equal Protection Clause.[15]  She also asserts that she was wrongfully demoted under Louisiana law.[16]  Plaintiff seeks declaratory and injunctive relief (in the form of reinstatement and backpay), as well as damages.[17]

---

[11]  *Id.*
[12]  *Id.*
[13]  R. Doc. 26-3.
[14]  R. Doc. 1 at 1-2.
[15]  *Id.* at 5-7.
[16]  *Id.* at 8.
[17]  *Id.* at 7-9.

Defendants now move to dismiss with prejudice the claims against Jefferson Parish Personnel Department, Jefferson Parish Department of Environmental Affairs, and the Jefferson Parish Department of Public Works,[18] as well as the official capacity claims against Dumas, Winter, Alikhani, and Call.[19] Defendants have also moved to stay this case pending the resolution of plaintiff's state administrative proceeding.[20] Plaintiff has no opposition to both motions to dismiss but opposes defendants' motion to stay.[21]

## II. DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true, viewing them in the

---

[18] R. Doc. 23.
[19] R. Doc. 25.
[20] R. Doc. 26.
[21] R. Doc. 29; R. Doc. 30.

4

light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). But a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555). In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

## III. DISCUSSION

### A. Motions to Dismiss

First, defendants argue that the claims against Jefferson Parish Personnel Department, Jefferson Parish Department of Environmental Affairs, and Jefferson Parish Department of Public Works must be dismissed because they are not juridical entities capable of suing or being sued. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined by "the law of the state where the court is located." Fed. R. Civ. P. 17(b). Under Louisiana law, "a government body may not be sued if it is merely a dependent sub-body of a larger government agency." *Jefferson v. Delgado Cmty. Coll.,* No. 13-2626, 2013 WL 5530337, at *1 (E.D. La. Oct. 7, 2013) (citing *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2 Cir. 2006)). The Louisiana Supreme Court has adopted a functional approach to determining whether a governmental body is a separate and distinct juridical person, asking if the body has "the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage and Water Board of New Orleans*, 634 So. 2d 341, 347 (La. 1994) (citations omitted).

Here, Jefferson Parish is organized pursuant to a home rule charter, as authorized by Article VI, Section 4 of the Louisiana Constitution. *See* La.

6

Const. art. VI, § 4. Article 1 of the Home Rule Charter of Jefferson Parish provides the parish with "all the powers, rights, privileges, and authority" to which it is entitled under the Louisiana Constitution. *Jefferson Parish Home Rule Charter*, Art. 1, § 1.01. In addition, the charter designates the Parish President as the chief administrative officer of the parish, responsible for the "administration and supervision of all parish departments, offices, agencies, and special districts." *Id.* § 3.03. The Parish President also has the authority to appoint and remove all administrative officers and employees. *Id.*

Accordingly, under the Jefferson Parish Home Charter, these departmental defendants do not function independently of the Jefferson Parish President. As such, these departmental defendants lack the capacity to sue or be sued, and the claims against them must be dismissed with prejudice. *See, e.g., Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001) (finding that "City of Hammond Police Department is merely a department within the City of Hammond, and not a proper party defendant"); *Manley v. State of Louisiana*, No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001) ("The Court dismisses plaintiff's claims against the New Orleans Police Department because it is simply a department of the City government and is not amenable to suit.") (citations omitted).

Next, defendants argue that the official capacity claims against the individual defendants must be dismissed because they are duplicative of Costanza's claims against Jefferson Parish. As defendants correctly state, in section 1983 actions, claims against individuals in their official capacity are treated as claims against the municipality. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Plaintiff's complaint alleges the same claims against all defendants, and makes no distinction between the acts of Jefferson Parish and the acts of the individual defendants, in either their individual or official capacities. Therefore, the official capacity claims against the individual defendants are duplicative of the claims against Jefferson Parish. Plaintiff cannot maintain an action both against the individual defendants in their official capacities and Jefferson Parish, as this would allow the municipal defendant to be liable twice for the same alleged conduct. *LaMartina-Howell v. St. Tammany Par. Sch. Bd.*, No. 07-1168, 2009 WL 3837323, at *4 (E.D. La. Nov. 12, 2009) (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)). Accordingly, plaintiffs' official capacity claims against Dumas, Winter, Alikhani, and Call are dismissed with prejudice.

## B. Motion to Stay

Defendants also move to stay this case pending the resolution of plaintiff's state administrative proceedings. Federal courts have a "virtual[] unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). "However, in 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding . . . ." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colo. River*, 424 U.S. at 813). The court's decision whether to abstain should be based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

For a court to abstain from exercising jurisdiction under the *Colorado River* doctrine, it first must find that the federal and state court actions are "parallel." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Generally, actions are parallel when the same parties are litigating the same issues. *See Republicbank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). But the Fifth Circuit has rejected the argument that the parties and issues must be completely

9

identical for the action to be parallel. *See Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006) (noting that "'there need not be applied in every instance a mincing insistence on precise identity' of parties and issues") (quoting *McIntosh*, 828 F.2d at 1121); *accord Polu Kai Servs., LLC v. Ins. Co. of State of Pa.,* No. 06-10708, 2007 WL 716115, at *2 (E.D. La. Mar. 6, 2007) (finding actions parallel despite the presence of additional issues in the state court litigation and despite that the state court plaintiff was not a party in federal action). Here, both the federal and state proceedings revolve around Costanza's demotion, and though her state action named only the Jefferson Parish Department of Public Works as a defendant, she ultimately seeks to hold the same body (Jefferson Parish) liable for the same alleged wrongs. Further, in both cases, she asserts that Jefferson Parish violated her substantive and procedural due process rights, and that Section 6.1 of the Jefferson Parish Personnel Rules is unconstitutionally void for vagueness and overbreadth.[22] Thus, the Court finds that the two actions are parallel. *See Kenner Acquisitions, LLC v. BellSouth Telecommunications, Inc.,* No. 06-3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007) (finding actions parallel where the proceedings

---

[22] *Compare* R. Doc. 1 at 5-7 *with* R. Doc. 26-3 at 5-6.

consisted of "substantially the same parties litigating substantially the same issues") (citation omitted); *Polu Kai*, 2007 WL 716115, at *2.

The Court next must determine whether exceptional circumstances exist that would permit the court to decline jurisdiction in the instant matter. *See Murphy*, 168 F.3d at 738. The Supreme Court has set forth six factors to guide this inquiry: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings to protect the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86 (1995). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colo. River*, 424 U.S. at 818-19. The Court must balance the factors carefully, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

1. *Assumption by Either Court of Jurisdiction Over a Res*

Neither this Court nor the state tribunal has assumed jurisdiction over any res or property in this case. The absence of this factor, however, is not neutral. *See Murphy*, 168 F.3d at 738. Rather, it weighs against abstention. *Id.* The Court declines defendants' invitation to ignore binding circuit precedent, and will not follow courts beyond this Circuit that have treated this factor as neutral in situations like this. *Cf. Reiseck v. Universal Commc'ns of Miami, Inc.,* 141 F. Supp. 3d 1295, 1305 (S.D. Fla. 2015) (finding first factor neutral when case did not involve property).

2. *The Relative Inconvenience of the Forums*

Both the federal and the state tribunal are located in the New Orleans, Louisiana metropolitan area. Therefore, neither forum is more or less convenient than the other. The absence of any inconvenience weighs against abstention.[23] *Murphy*, 168 F.3d at 738; *Gammon v. McLain,* No. 14-1184,

---

[23] Defendants contend that the Jefferson Parish Personnel Board is closer to the location of the majority of defendants and therefore the federal court is more inconvenient. R. Doc. 26-2 at 7. While the Board may be closer, the locations are less than 9 miles apart, and any slight inconvenience from this additional distance does not rise to a level sufficient to favor abstention.

Defendants' reply cites an unpublished case from the Western District of Louisiana, *Royal Manufactured Homes, LLC v. New Hampshire Ins. Co.*, 2012 WL 704086 (W.D. La. Mar. 1, 2012), to argue that this factor does not weigh against abstention but is actually neutral. *Royal* is contrary to binding

2015 WL 160449, at *2 (E.D. La. Jan. 13, 2015) ("Both the federal and state proceedings are located in southeastern Louisiana. Therefore, neither forum is more or less convenient than the other. The absence of this factor weighs against abstention.") (citation omitted).

### 3. The Avoidance of Piecemeal Litigation

The animating concern at the heart of this factor is the "avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (emphasis in original). But the "prevention of *duplicative* litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988) (citing *Colo. River*, 424 U.S. at 817) (emphasis added). This is because "*[d]uplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (emphasis in original).

---

Fifth Circuit precedent. *See, e.g., Murphy*, 168 F.3d at 738; *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

Although Fifth Circuit cases have implied that "there is no such danger" of piecemeal litigation when there is no res or property involved, *id.* at 651 (citing *Evanston Ins. Co.*, 844 F.2d at 1192), that there is no res or property involved is not dispositive and does not automatically mean there is no potential for piecemeal litigation. *See Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006); *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 463-64 (5th Cir. 2012). Accordingly, that there is no res or property at issue here does not end the inquiry.

Here, the federal and state actions involve the same plaintiff, similar defendants, and substantially the same issues, namely, whether Costanza's demotion violated her due process rights. As the Fifth Circuit has explained, the concern with piecemeal litigation arises where parallel lawsuits "'pose[] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012) (quoting *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 524 (2d Cir. 2001)).[24] And while it is true that any time duplicative litigation exists, the possibility of inconsistent

---

[24] The classic example of piecemeal litigation arises "where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable parties are not parties." *Saucier*, 701 F.3d at 464 (quoting *Woodford*, 239 F.3d at 524).

14

judgments also exists, this possibility is not a valid reason by itself to abstain. *See Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 498 (5th Cir. 2002).

Defendants acknowledge the distinction between piecemeal and duplicative litigation, but argue that the litigation is piecemeal because plaintiff's federal suit is against defendants that are not parties in the state action and asserts a claim not before the state court (the Equal Protection claim). As defendants correctly assert, there is some potential for piecemeal litigation here. *See Stewart,* 438 F.3d at 492 (noting potential for piecemeal litigation when state court was only forum hearing breach of fiduciary claim and only forum hearing claims against a specific defendant). Nevertheless, in many situations principles of *res judicata* and collateral estoppel can eliminate the problem of inconsistent judgments on the duplicative issues. *See Kelly*, 315 F.3d 494, 499 (5th Cir. 2002) (acknowledging the possibility of piecemeal litigation but noting that if "one court render[s] judgment before the other, *res judicata* will ensure proper order" and mitigate the concern); *Saucier*, 701 F.3d at 464. Unfortunately, neither party has briefed the issue of the applicability *vel non* of *res judicata* or collateral estoppel (including which law, state or federal, would govern the issue). Because it is

not clear on this record that the risk of piecemeal litigation can be avoided here, this factor favors abstention.

> 4. *The Order in Which Jurisdiction Was Obtained by the Concurrent Forums*

The Supreme Court has stated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, the state court petition was filed on January 25, 2016, and was pending for more than 11 months before this federal lawsuit was filed on December 21, 2016.[25] In the state tribunal, the parties have exchanged written discovery and have substantially completed the administrative action.[26] Aside from the filing of plaintiff's complaint, there has not been much progress in the federal action.[27] Thus, this factor favors abstention. *See Shermohmad v. N.Y. Life Ins. Co.,* No. 06-6072, 2006 WL 2513398, at *4 (E.D. La. Aug. 25, 2006) (fact that state action has progressed further favors abstention); *cf. Stewart*, 438 F.3d at 493 (noting that when federal

---

[25] *Compare* R. Doc. 26-3 at 2 *with* R. Doc. 1.
[26] R. Doc. 26-2 at 3, 9.
[27] Most defendants in the federal action were not served until March 16, 2017, and their answers were not due until April 7, 2017. No scheduling order has been entered in this case.

"case has clearly progressed further . . . this factor favors federal jurisdiction").

> 5. *Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits*

Although both actions assert that Costanza was wrongfully demoted under Louisiana law, Costanza's primary argument in both cases is that her demotion violated her constitutionally protected due process rights. The Supreme Court has noted that although "in some rare circumstances the presence of state-law issues may weigh in favor of [abstention], the presence of federal-law issues must always be a major consideration weighing against [abstention]." *Moses H. Cone*, 460 U.S. at 26. Defendants assert that these "rare circumstances" are met here, because Costanza's lawsuit also seeks to interpret a Jefferson Parish Personnel Rule.[28] This argument misunderstands the Court's task, which is not to find "some substantial reason for the *exercise* of federal jurisdiction by the district court; . . . [but] to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Id.* at 25-26 (emphasis in original) (quoting *Colo. River*, 424 U.S. at 819). Further, Costanza does not merely seek an interpretation

---

[28] R. Doc. 26-2 at 10.

17

of the Personnel Rule, she is a making a *federal constitutional* challenge to the rule. That the Court may be called upon to interpret a Jefferson Parish Personnel Rule is not sufficiently rare or exceptional to warrant abstention, especially when the rule is attacked under federal law. Thus, the strong presence of federal law issues here weighs against abstention.[29]

### 6. The Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction

Plaintiff asserts that because her claims are federal, a federal court will be "in a superior position" to hear her claims.[30] But this factor does not turn on either court's "superiority," and plaintiff fails to make any argument that her rights will not be protected in the state tribunal or that the tribunal is inadequate.[31] Still, under Fifth Circuit precedent this factor "'can only be a neutral factor or one that weighs against, not for, abstention.'" *Black Sea*, 204 F.3d at 651 (quoting *Evanston*, 844 F.2d at 1193). Although courts beyond this Circuit have treated the adequacy of the state proceedings as favoring abstention, *see Goldentree Asset Mgmt., L.P. v. Longaberger Co.*,

---

[29] Contrary to defendants' assertion, *Parham v. Nationstar Mortg., LLC,* No. 14-3376, 2016 WL 4402046 (W.D. La. Aug. 17, 2016), is inapposite. There, not only was it unclear if the plaintiff asserted a federal claim, but also state law issues predominated in the lawsuit. *Id.* at *4.

[30] R. Doc. 30 at 10.

[31] In any event, the state tribunal is "presumptively competent[] to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990).

448 F. Supp. 2d 589, 595 (S.D.N.Y. 2006), the Court is bound by the Fifth Circuit's holding that this factor cannot weigh in favor of abstention. Thus, this factor is neutral.

**Summary of *Colorado River* Factors**

The Court finds that three factors weigh against abstention, and one factor is neutral. Although the piecemeal litigation factor somewhat supports abstention, this conclusion could change with sufficient information to permit a full examination of *res judicata* and collateral estoppel issues. And while the order in which jurisdiction was obtained also supports abstention, that the state tribunal has not decided any issues weakens that support. *Cf. Gates v. Gusman*, 15-3898, 2016 WL 4010980, at *4 (E.D. La. July 27, 2016) (state court decided an issue on the merits); *Mahbod v. N.Y. Life Ins. Co.,* No. 05-3266, 2006 WL 2513423, at *4-5 (E.D. La. Aug. 25, 2006) (order-of-jurisdiction-factor strongly favored abstention because state court had rendered judgment and was on appeal). On balance, the Court finds that the "extraordinary circumstances" required for the Court to abstain from its "virtually unflagging obligation" to exercise its jurisdiction are not present here. *Colo. River*, 424 U.S. at 813, 818. Thus, a stay is unwarranted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss and DENIES defendants' motion to stay.

New Orleans, Louisiana, this __26th__ day of June, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE